UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| GREGORY SIMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BRYAN SMITH, )<br>)<br>Respondent. ) | No. 2:16-cv-00458-JMS-MJD |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Gregory Sims for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 16-09-0464. For the reasons explained in this Entry, Sim's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On September 26, 2016, CPO Wire issued a Report of Conduct charging Sims with possession of a controlled substance in violation of Code B-202. The Report of Conduct states, "On September 23, 2016 I, D. Wire received the confirmation of the urinalysis drug screen report on Offender Gregory Sims DOC #979154. The test results states [sic] that Offender Sims tested positive for Buprenorphine and Norbuprenorphine." Sims was notified of the charge on September 29, 2016, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Sims requested Sergeant Bricker as a witness and the video for evidence. When asked by Sims if the urine was left "laying around", Sergeant Bricker responded:

> After urine drug screen was done I used a reditest substance abuse screening device to test for suboxone. It was a positive read. All tests were done with the offender present. Seal was placed on bottle secured by offender. After being told of results offender Sims refused to sign. Urine sample placed in secure designated area by IA with all proper paperwork.

When asked by Sims if he left the urine out, Sergeant Bricker responded, "No, after test and secured by the security seal urine sample results do not change after initial outcome. Urine moved to secure area. Date of urine sample taken was 9-7-16." The summary of the video of the event provides, "On 9-6-16 at approx. 10:26:26 in the strip cell offender Sims, Gregory ##979154 can be see[n] taking a urinalysis test. At 10:27:16 Sgt. Bricker can be seen sealing the container used for the u[ri]nalysis."

The Hearing Officer conducted a disciplinary hearing on October 21, 2016. The Hearing Officer noted Sims' comments that the hearing was "[o]ut of time frame" and that he "didn't get video I requested." Relying on the staff reports, the statement of the offender, and the physical evidence, the Hearing Officer determined that Sims had violated Code B-202. The sanctions

imposed included a written reprimand, a loss of phone privileges, a demotion from credit class I to II, and the imposition of a suspended sentence from case ICF16-08-0331.

Sims's appeals were denied and he filed the present petition for a writ of habeas corpus.

### C. Analysis

Sims challenges his disciplinary conviction arguing that the report was written beyond the time frame set forth in The Disciplinary Code for Adult Offenders, that the hearing was held beyond the time frame, that the sanctions were not rehabilitative in nature, and that he was denied physical evidence.

<u>Violations of Department of Correction Policy</u>

Sims argues a number of violations of The Disciplinary Code for Adult Offenders, including a delay in issuing the Conduct Report, a delay in holding the hearing, and excessiveness of the sanction. But violation of prison policy does not amount to a due process violation that can be the subject of a viable habeas petition. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D.Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

<u>Denial of Evidence</u>

Sims also argues that he was denied evidence because the video he requested was not reviewed and he was not given access to the chain of custody and test results.

While due process requires that an inmate be given the opportunity to present evidence, a hearing officer may deny a request for evidence that threatens institutional safety or is irrelevant, repetitive, or unnecessary. *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due

process requires only access to witnesses and evidence that are exculpatory. *Rasheed–Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride,* 81 F.3d 717, 721 (7th Cir. 1996). The denial of the right to present evidence will be considered harmless, unless the prisoner shows that the evidence could have aided his defense. *See Jones v. Cross,* 637 F.3d 841, 847 (7th Cir. 2011).

The respondent argues that Sims was not denied video evidence. During screening, Sims requested the "video 2215- urine was left between 10:15-01:00 am laying around." A video was produced and reviewed in response to this request. The Court has reviewed that video. The video showed Sims being brought into the strip cell, undressing, and providing the urine sample. The video also shows the officer testing the sample and sealing the container. Shortly thereafter, the officer left with the sample. The respondent argues that the video of the three-hour period requested by Sims was not relevant to his defense because the sample was removed from the area shortly after it was tested. Because the video shows the officer leaving the room with the urine sample, Sims's contention that the video would show that the sample was left "laying around" is unsupported. Sims has thus failed to show that video of the entire three-hour period he requested would have aided his defense *See Jones*, 637 F.3d at 847. Accordingly, he has shown no due process error in denying his request for a video of a three-hour period.

Sims also asserts that he was denied chain of custody documents and test results. But Sims did not request either of those during screening and he therefore has failed to show that he was denied this evidence. Further, Sims has not shown or argued that the chain of custody documents and test results would have been exculpatory. *See Rasheed–Bey,* 969 F.2d at 361. In fact, this evidence showed that Sims tested positive for narcotics. For these reasons, Sims has

failed to show that his due process rights were violated with regard to the production of the test results and chain of custody document.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Sims to the relief he seeks. Accordingly, Sims's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/19/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

GREGORY SIMS
979154
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Marjorie H. Lawyer-Smith
INDIANA ATTORNEY GENERAL
marjorie.lawyer-smith@atg.in.gov